PLICK ET AL. v. TOYE BROS. AUTO & TAXICAB CO., INC.

(February 25, 1929.  Opinion and Decree.)
(March 18, 1929.  Rehearing Refused.)
(October 9, 1929.  Opinion and Decree of Supreme Court on Writ of Certiorari and Review.)

Normann, Breckwoldt & Schwartz, of New Orleans, attorneys for plaintiffs, appellants.

John P. Sullivan and David Sessler, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. This is a suit in compensation brought by the parents of a taxicab driver for the death of their son. A large number of defenses are urged by defendant company. Among these defenses we find one which to our mind bars recovery by claimants. This defense is based on the fact that the compensation laws of Louisiana do not apply to employees of less than minimum age prescribed by law for the particular trades, businesses or occupations in which the minor may be engaged at the time of his death or injury. Since this defense is based on the nonapplication of the state compensation laws, we see no necessity for discussing the question of whether or not any of the other defenses urged would be good, because we are not concerned with what may or may not have been good defenses under the laws had they been applicable.

The boy, at the time of his death, was not yet 21 years old. This fact was admitted by his parents. And his parents also admitted that he had given his age at the time of his application for employment as 21 years.

Ordinance No. 4755, C. C. S. Calendar No. 4857, adopted November 13, 1917, as amended by Ordinance No. 6555, C. C. S. Calendar No. 6734, adopted November 10, 1921, provides in part as follows:

"Section 2—Be it ordained, etc., that no person shall be entitled to such certificate to act as chauffeur or driver of a motor vehicle of any kind operated for a fee, charge or profit or reward until he be at least twenty-one years of age."

It thus appears that the deceased was plainly employed in violation of the minimum age law, since section 3, par. 6, of the State Workmen's Compensation Act (Act No. 20 of 1914, as amended by Act No. 85 of 1926), contains the following:

"Provided, that this act shall not apply to employees of less than the minimum age prescribed by law for the employment of minors in the trades, businesses or occupations specified in Paragraph 2 of Section 1 or that may be determined to be hazardous under the operation of Paragraph 3 of Section 1."

Taxicab driving is not one of the trades, businesses or occupations specified in paragraph 2 of section 1, as amended, nor, argued defendant, is it a hazardous occupation such as is intended to be included within the omnibus provisions of paragraph 3 of section 1, as amended.

If it is not one of these hazardous occupations then the act has no application, because it includes only such employments as are specifically set forth or as may be declared by the courts to be hazardous. If, on the other hand, the statute has application, and taxicab driving is intended to be included under the provisions of paragraph 3 of section 1, and, in passing, let us say that, in spite of the vehement argument of counsel to the contrary, it does appear to us to be such an occupation, then the act by its very terms does not apply, as it excludes specifically any person employed in violation of the minimum age law; so that it seems no matter which way claimants turn there is no escape from the provisions of the law which they themselves invoke.

Among the defenses urged, to which we have above referred, we find the following: That the contract of employment was null ab initio, because the boy represented himself to be white, when, as a matter of

108

fact, he was colored, in violation of the company's rules of employment.

It is further argued that under the act recovery should not be allowed because the boy deliberately failed to use a safety device, to-wit: the brake on the taxicab.

Another interesting defense, though not requiring discussion, since we feel that the act does not apply, is that the boy, at the time of his death, was not performing services incidental to or growing out of his employment, because, although he was carrying passengers in his taxicab, he was not allowing the meter or register to work, it being his intention to keep the money collected from the passengers for himself.

As we have already stated, these defenses and others urged are interesting, but, since we are of the opinion that the act itself has no application, we see no reason to discuss the merits of what may or may not have been good defenses had the act been applicable.

For these reasons, it is ordered, adjudged and decreed that the judgment appealed from be, and it is, affirmed, at the cost of appellant.